CASCADEN et al. v. BARTOLIS.

(Circuit Court of Appeals, Ninth Circuit. June 27, 1906.)

No. 1,259.

MINES AND MINERALS—PUBLIC LANDS—MINERAL LOCATION—DISCOVERY—INSTRUCTIONS.

In an action to recover certain land which was a part of the public domain, plaintiff claimed under a placer mining location. The court charged that it was essential to the validity of such location that the discovery of mineral thereon was such that an ordinarily prudent man, not necessarily a miner, would be justified in expending his time and labor in developing the property, but in the same connection declared

that it was essential to a recovery by plaintiffs that they prove with reasonable clearness that for the labor and capital expended in working the ground, it would yield a reasonable profit. *Held*, that the latter instruction was erroneous, and in conflict with the correct rule previously charged.

In Error to the District Court of the United States for the Third Division of the District of Alaska.

Louis K. Pratt and Carl M. Johnason, for plaintiffs in error.

Edward E. Cushman, A R. Heilig, and Leroy Tozier, for defendant in error.

Before GILBERT and ROSS, Circuit Judges, and HAWLEY, District Judge.

ROSS, Circuit Judge. The plaintiffs in error, who were plaintiffs in the court below, brought this action to recover from the defendant thereto two certain lots of land situated in the town commonly known as "Gates City," in the Fairbanks mining district, territory of Alaska, alleging in their complaint themselves to be the owners, as against all persons except the United States, of the lots of land, and entitled to their possession, and alleging the unlawful entry thereon by the defendant, and his ousting of the plaintiffs, and his withholding of the possession of the property from them.

The answer of the defendant put in issue the allegations of the complaint, and affirmatively alleged that at the time of the defendant's entry upon the lots in question they constituted a part of the vacant and unappropriated public lands of the United States, and that, as such, he entered into the possession of the land and built thereon two log cabins, and has ever since continued in the actual possession thereof. In an amended answer the defendant also put in issue the allegations of the complaint, and repeated the affirmative averments of his original answer, and added the following averments:

"That said cabins are situated in what subsequently became, long prior to the beginning of this action, and is now, the townsite of Gates City; that the inhabitants of said townsite number more than 300, and defendant is an occupant of said town, and a large number of dwellings, for the purpose of carrying on business therein, have been constructed in said townsite, and are used for said purposes; that said townsite embraces about 80 acres of land, and it is the intention of the occupants thereof to enter the same for townsite purposes, for the several use and benefit of the occupants of such townsite, and secure patent therefor in accordance with the provisions of the act of Congress in such case made and provided; that defendant is the owner and entitled to the possession of said cabins and grounds, and claims the same as an inhabitant of said townsite, and as a prior occupant of said premises."

A demurrer of the plaintiffs to the affirmative defense thus set up was overruled by the court below, to which ruling an exception was taken and allowed. Thereafter the plaintiffs filed a reply to the amended answer, denying defendant's affirmative allegations. On the trial, which was had with a jury, the plaintiffs relied upon a certain placer mining location, antedating the entry upon the ground by the defendant, the validity of which location was contested by the defend-

ant, who moved the court below, both upon the conclusion of the evidence on behalf of the plaintiffs, and also upon the conclusion of the entire evidence in the cause, to direct the jury to return a verdict for the defendant upon the ground that the evidence was insufficient to justify a verdict for the plaintiffs. The trial court denied the motion in each instance, thus holding that the case was one to be submitted to the jury under instructions, and proceeded to instruct the jury in respect to the law applicable to and controlling the cause.

The principal controverted question related to the sufficiency of the mineral discovery claimed to have been made by the locators to sustain their placer location, and upon that vital question the court below instructed the jury, among other things, as follows:

"What is 'discovery'? What finding of mineral upon a placer mining claim is sufficient to satisfy that clause of the statute which provides that no location of a mining claim shall be made until the 'discovery' of the mineral within the limits of the claims are located? Sections 2320, 2329, Rev. St. [U. S. Comp. St. 1901, pp. 1424, 1432.] This inquiry is partly answered by the terms of section 2318 of the Revised Statutes of the United States, in the following language: 'Sec. 2318 [U. S. Comp. St. 1901, p. 1423]. In all cases lands valuable for mineral shall be reserved from sale, except as expressly directed below.' It is only lands valuable for mineral which are reserved from sale for disposal under the mineral laws. Lands not valuable for mineral are not so reserved, and may, if otherwise unappropriated and unoccupied, be settled upon, used, and occupied for townsite or business purposes, or taken under the homestead or other laws for the settlement and sale of the public domain. Lands valuable for mineral are lands having value or worth for the mineral contained therein; lands containing mineral in such quantity as to pay a reasonable profit upon the capital and labor necessary to extract the mineral therefrom. Any other lands would have no value for mineral, and are not such as the statute contemplates reserving from sale for disposition under the mineral laws of the United States. * * * In this case the plaintiffs—the mineral claimants—must prove from the evidence, with reasonable clearness, that the land is valuable for mineral purposes, that is, that for the labor and capital expended in working it, the land will yield a reasonable profit, and unless they do so you should find for the defendant. The mere finding of a color or colors of gold, or a cent's worth, or even thirteen cents' worth, is not, of itself, sufficient to constitute a discovery, or to prove that the land is valuable for mineral working. There must be such a discovery of mineral on the claim as to satisfy you that an ordinarily prudent man, not necessarily a miner, would be justified in expending his time and labor thereon in the development of the property; and, unless you are so satisfied in this case, by a fair preponderance of the evidence, you should find a verdict for the defendant."

The reference in these instructions to small quantities of gold was based upon testimony introduced on the part of the plaintiffs, tending to show that certain pannings by and on behalf of the locator, showed colors of gold, and some of them one, two, three, and as high as thirteen cents' worth to the pan. While the court in one part of these instructions did state to the jury the correct rule, that it was essenial to the validity of the location under which the plaintiffs claimed that the discovery of mineral thereon was such that "an ordinarily prudent man, not necessarily a miner, would be justified in expending his time and labor thereon in the development of the property" (Chrisman v. Miller, 197 U. S. 313, 25 Sup. Ct. 468, 49 L. Ed. 770), yet it also, at the same time, and in the same connection, expressly and specific-

ally instructed them that it was essential to a recovery by the plaintiffs that they should have proved with reasonable clearness that for the labor and capital, expended in working the ground it would yield a reasonable profit, and that, unless the jury so found, their verdict should be for the defendant. This latter specific declaration is not only not a correct statement of the law, but it is also in direct conflict with the correct rule elsewhere given in the instructions above set out.

For this error the judgment of the court below must be, and is, reversed, and the cause remanded for a new trial.