**JOSE et al. v. HOUCK et al.**

No. 11749.

United States Court of Appeals
Ninth Circuit.

Dec. 22, 1948.

Rehearing Denied Jan. 24, 1949.

Michael F. Shannon and Thomas A. Wood, both of Los Angeles, Cal., for appellants, Jose and others.

Reynolds, Painter & Cherniss, and Lewis Miller, all of Los Angeles, Cal., for appellants, Hammond and others.

Orris R. Hedges and Monta W. Shirley, both of Los Angeles, Cal., for appellees.

Before STEPHENS, HEALY and BONE, Circuit Judges.

HEALY, Circuit Judge.

This case involves conflicting claims to four contiguous sections of surveyed public lands in Imperial county, California. The sections contain deposits of montmorillonite, a mineral of a clay-like composition having value as a food supplement for poultry, cattle, and agricultural plants. They were withdrawn from entry in 1920 by an order of the Department of the In-

terior, and a further withdrawal was made in 1941 by executive order for military purposes. The withdrawal orders remained in effect until July 6, 1945, when they were revoked and the land reopened to entry on the application of what is called the "Houck" group of claimants, appellees here. The restoration order, however, did not by its terms become effective until 10 a. m. of the sixty-third day thereafter, namely on September 7, 1945.

There are three groups of claimants, referred to in the record as the Houck group, the Jose group, and the Hammond group. The Houck group sued to quiet their title to 16 placer claims each of which covers a quarter section of the four sections involved. The other groups of claimants were made defendants and each interposed a cross-complaint against the other and against Houck and his associates. The trial resulted in the entry of a decree in favor of the Houck group. The questions presented by the appeal are largely factual and may be disposed of without extended discussion.

The Houck and Hammond groups rely on mineral locations made on September 7, 1945, immediately upon the termination of the existing withdrawals. The main attack on the Houck locations is on the score of the insufficiency of the showing of a mineral discovery. There is evidence that one Lewis, attorney-in-fact for this group, prospected the land as early as 1942, and was on the ground numerous times thereafter. He obtained some samples and had them analyzed. According to the report of the analyst the samples contained montmorillonite clay, the mineral subsequently mentioned in Houck's request for restoration of the lands to entry. It appears that for the most part this clay, which is widely if unevenly dispersed throughout the area, is concealed by an overburden. Outcroppings, however, or exposures in ravines and on the face of cliffs disclose the presence of the deposit.

■■ It is thought that this showing was sufficient to satisfy the statutory requirement of discovery. 30 U.S.C.A. §§ 23, 35. In respect of discovery the courts have been inclined to leniency where the controversy, as here, is between adverse mining claimants. A more rigid rule is applied where the contest is between a mineral claimant and an agricultural claimant in possession or one seeking to make an agricultural or other entry under the public land laws. Steele v. Tanana Mines R. Co., 9 Cir., 148 F. 678. Cf. also Cascaden v. Bortolis, 9 Cir., 162 F. 267; Lindley on Mines, 3d Ed., § 437.

■■ The Houck group, not being certain whether the sixty-third day fell on the 6th or the 7th of September, posted location notices on each quarter section both on the 6th and after 10 a. m. on the 7th. On the first day their surveyors placed wooden stakes in the ground, about four feet in length, on each of which was painted the name of the claim and the legal description of the quarter section. The formal notices of location were deposited in Mason jars placed in shallow excavations at the foot of the stakes. On the 7th new notices of location, dated on that day, properly witnessed, and containing the names of the locators, were placed in the jars, and duplicates thereof thereafter duly recorded. Each notice, as the law contemplates,[1] described the area on which posted by reference to the appropriate legal subdivision. It is the universal custom to place these notices in cans or other containers as a protection against the weather. If the notice is visible it would seem immaterial that it is placed at the foot of the marker rather than attached thereto. Assertions of improper or insufficient "staking" are made in the briefs, but no staking in the ordinary sense was requisite here. See statutes cited in note 1.

■ A California statute, § 2305, Public Resources Code, requires the performance within ninety days of at least one dollar's worth of work for each acre included in a placer claim. It is argued that the Houck group failed to comply fully with this statute. The court found the contrary, and there is adequate evidence to support the finding.

■ While representatives of the Hammond group were also on the ground on

---

[1] California Public Resources Code, § 2303; 30 U.S.C.A. §§ 35, 36.

September 7th and attempted to locate it, the court was unable to find that they followed the requisite procedure. We experience a like difficulty. For example, a close scrutiny of one of the posted notices of the Hammond associates—the only exemplar introduced in evidence—fails to disclose the names of the locators. It seems rather more than probable that the absence of the names from the exhibit is not traceable to erasures or weathering, but to oversight. The law requires that the names of the locators be stated in the notice. 30 U.S.C.A. § 28. On the whole, as the trial court thought, the Hammond evidence of compliance is less substantial and satisfactory than that of the Houck group whose locations were contemporaneous. We are not able to say that the determination favorable to the latter group was error.

The Jose claimants attempted to locate the ground in 1937 in the mistaken belief that it was open to entry; and they now assert rights based upon mineral locations made in January 1946. These locations were necessarily ineffectual in view of the intervening valid locations of Houck and his associates.

Affirmed.