14

## LARNED v. DAWSON.
### No. 2681.

United States District Court, Alaska.
First Div.

May 11, 1950.

Ziegler, King & Ziegler, Ketchikan, Alaska, for plaintiff.

R. L. Jernberg, Ketchikan, Alaska, for defendant.

FOLTA, District Judge.

This is an action to recover the possession of a group of mining claims on Prince of Wales Island, with damages for withholding possession. The complaint alleges ownership by virtue of valid locations made many years ago and continued compliance with the mining laws of the United States and the Territory. It is further alleged that plaintiff was ousted from the possession of these claims on February 3, 1946, when the defendant made a pretended location of the Dawson No. 1 and Dawson No. 2 claims over three of the plaintiff's claims, viz., the Clyde, also known as the Humboldt, the Hardy No. 1 and the Hardy No. 2.

The answer denies the foregoing allegations and alleges a forfeiture of plaintiff's claims for failure to do the assessment work in 1930 and 1931; the reversion of the claim to the public domain and a valid location by defendant of the Dawson No. 1 and Dawson No. 2.

The defendant has wholly failed to sustain the burden of proof as to the alleged forfeiture. Moreover, the question of contiguity of the Julia claim, the assessment work on which, it is argued, could not have inured to the benefit of the claims located upon by the defendant because of non-contiguity, is not involved because it does not appear that any work was done on the Julia for the benefit of the other claims at any time material to this section.

█ It appears that, by reason of the lapse of time since the location of the Humboldt claim in 1903, the Clyde in 1920 and the Hardy No. 1, in 1911, (the three claims alleged to be overlapped by the Dawson No. 1 and Dawson No. 2) the boundaries have become obliterated to such an extent as to make it impracticable, if not impossible, to trace them on the ground, and defendant places great reliance on this condition. But this is of no avail to the defendant, except as tending to show that the trespass was not wilful, because it is well settled that such a condition does not invalidate the claim, Steele v. Preble, 158 Or. 641, 77 P2d 418, 429; Nichols v Ora Tahoma Mining Co., 62 Nev. 343, 151 P.2d 615, 622; Morrison's Mining Rights, 16 ed., 60. Moreover, since the evidence clearly shows that the Dawson No. 1 and Dawson No. 2 substantially overlap the Clyde and Hardy No. 1, it is not fatal to plaintiff's case that he is unable to retrace or show with exactness the boundaries.

The defendant's contention that he was working an intersecting or cross vein and therefore had a right under 30 U.S.C.A. §§ 26 and 41 to pursue it into plaintiff's ground, cannot be sustained, not only because there is no evidence that the apex of the vein is on any valid location of the defendant, but also because the tunnel it-

self, in the process of driving which it is asserted the vein was discovered, is on the Humbolt or Clyde claim, belonging to the plaintiff.

Finally it is contended that evidence of acts of location is deficient, but since it is undisputed that the plaintiff has been in the actual possession of these particular claims for more than 10 years, the presumption is that the acts of location were properly done.

Although the plaintiff argues that he is entitled to damages by reason of removal of gold from his claim he failed to allege or prove that the gold removed by the defendant had in fact been removed from plaintiff's claims.

Defendant points to many discrepancies and inconsistencies in the records pertaining to these claims, and, indeed, it is impossible to reconcile many of them. Some of them arise from the fact that the names Humboldt and Clyde have been used interchangeably to designate the same claim or a relocation thereof. As to the others, it is not necessary to discuss them because none of them is sufficient to invalidate any of the claims which have been overlapped.

I am of the opinion, therefore, that plaintiff is the owner and entitled to the possession of the claims in controversy and that he is entitled to nominal damages of $5.