**FLYNN v. VEVELSTAD et al.**
No. A–6840.

District Court, Alaska,
First Division, Juneau.
March 9, 1954.

**94**

N. C. Banfield, Juneau, Alaska, George F. Ward, Seattle, Wash., for plaintiff.

R. E. Robertson, Juneau, Alaska, for defendants.

FOLTA, District Judge.

Each party seeks the determination of the other's adverse claim to his mining property situate on Yakobi Island, Alaska, and allegedly containing nickel ore of great value, and, in addition, the defendant seeks damages in the sum of $20,-000,000.

The plaintiff alleges that in October and November 1952, he located 102 claims in full compliance with the requirements of law and that the defendant is asserting an adverse claim to ground embraced within these locations. The defendants allege prior location of their claims, except two which were located on June 8, 1953, and further allege that the plaintiff, a Canadian, wilfully and maliciously trespassed upon their claims for the purpose of preventing the development and sale thereof and the extraction and sale of minerals therefrom, and of preventing nickel from reaching the markets of the world and competing with nickel mined elsewhere, particularly in Canada. Each party attacks the good faith of the other. The plaintiff argues that the defendant Vevelstad and his alter ego, the Aurora Nickel Co., located the ground in controversy with no intention to develop it, and in support of this charge points to the defendant Vevelstad's admission that since 1945 he has staked more than 1000 claims in the State of Washington alone, and that he has held the ground in controversy since 1926. On the other hand, the defendants argue that the plaintiff being an alien, is not qualified to locate claims and charge that he "jumped" their claims.

It appears that the period of exemption from annual labor fixed by the act of Congress of July 29, 1950, 64 Stat. 275, expired at noon October 1, 1950; that on or about that date the defendant Pape located 17 claims; that the defendant Aurora Nickel Company located 9 more on July 1, 1952, and the remaining two claims on June 8, 1953, and on June 22, 1953, made amended locations of 20 of these claims.

■ The defendant Pape's failure to appear at the trial was found to be inexcusable by the Court. His deposition was admitted on behalf of the defendants subject, however, to the objection of the plaintiff and a later ruling by the Court, as to admissibility. I now conclude that the deposition is inadmissible because it was taken by plaintiff for discovery purposes only.

The plaintiff contends:

1. That the land was vacant and unappropriated in October and November, 1952 when he made his locations because

(a) the relocations made by the defendant, allegedly on October 1, 1950, were made, if at all, on September 29— two days before they were open to relocation under the Act of Congress referred to;

(b) the locations were not made in good faith;

(c) no discovery was made on any of the claims;

(d) the claims were neither properly staked nor distinctly marked;

(e) the descriptions in the location certificates are fatally defective, and

(f) no assessment work was done.

2. That, since these locations were invalid, the amendment thereof on June 22, 1953, is likewise invalid.

The testimony is in irreconcilable conflict on every point.

The claims located by the defendants in October, 1950 and July 1952 are Hope 1–12, Rita 1–4, Svere, Doris 1–4, Beach 1–3, Svere No. 2 and Takanis—a total of 26 claims, which conflict with 45 claims located by the plaintiff in October and November, 1952, and named Betty 1–8, Yakobi 1–12, Portia 1–11, Mayflower 2–9 and Pelican 15, 16, 25, 26, 28 and 30.

Section 28 of Title 30, U.S.C.A., requires that all record of mining claims "shall contain * * * such a description of the claim or claims located by reference to some natural object or permanent monument as will identify the claim." This has been supplemented by Territorial Law, Sec. 47–3–1 et seq., A.C. L.A.1949. Section 43–3–33, prescribing the contents of the certificate of location, requires "A description of the claim with such reference to some natural object or permanent monument that an intelligent person, with a knowledge of the prominent natural objects and permanent monuments in the vicinity, could identify the claim." Section 47–3–30 provides that "Any attempted location of a mining claim that does not fully comply with the provisions of this Act shall be null and void."

An examination of the defendants' certificates of location discloses that the description of the Doris 1–4 claims is set forth as: "Post #1 is located 4.4 miles southerly from Rock Point Light, and 2.8 miles southwest from northerly side entrance of Stag Bay". While Rock Point Light is a well known permanent monument, the "northerly side of the entrance to Stag Bay" embraces so much shoreline as to be of little value as a bearing point. Moreover, if these courses are projected for the distance and in the direction stated, the lines would not intersect anywhere near the claims.

The description of the Takanis and Svere No. 2 are similarly deficient. The description of Rita No. 1 is that the claim is "southerly from Miner Island and two miles westerly from the mouth of Bohemia Creek and tidewater", the descriptions for Rita 2–4 are identical, save that the distance from Miner Island is given as 4 miles. The description of the Hope Claims is the same as the Rita 2–4 except that the distance from the mouth of Bohemia Creek is stated as 2½ mi. for Hope 1–6 and 6500 feet for Hope 7–12. The projection of these courses for the distances and in the directions set forth will demonstrate the inadequacy of the descriptions to enable any person to ascertain the situs of the claims. It should be noted here that unlike the open, level country of much of the interior, the character of the terrain on Yakobi Island is not such as to enable one to see posts, monuments or blazes at a great distance from the point of the intersection of the courses stated in the certificate.

I find, therefore, that the descriptions set forth in the defendants' location certificates are insufficient except as to the three Beach claims, Vedin v. McConnell, 9 Cir., 22 F.2d 753; Faxon v. Barnard, C.C., 4 F. 702; Cloninger v. Finlaison, 9 Cir., 230 F. 98; Cf. McKinley Creek

Min. Co. v. Alaska United Min. Co., 183 U.S. 563, 22 S.Ct. 84, 46 L.Ed. 331; Hammer v. Garfield Min., etc., Co., 130 U.S. 291, 9 S.Ct. 548, 32 L.Ed. 964.

■ Nor do the amended certificates of location made in 1953 cure the deficiencies in the originals because the rights of the plaintiff intervened. Houck v. Jose, D.C., 72 F.Supp. 6, affirmed 9 Cir., 171 F.2d 211, 2 Lindley Mines, 927–8, Sec. 398; 58 C.J.S., Mines and Minerals, § 53, p. 107–108.

Sec. 28 of Title 30 U.S.C.A., further requires that "The location must be distinctly marked on the ground so that its boundaries can be readily traced", while Section 47–3–31, A.C.L.A.1949, requires that the discoverer of the claim

"shall designate the location * * By erecting on the vein at the center of each end line and at each corner or angle of the claim substantial monuments of stone or setting posts, not less than three feet in height nor less than three inches in diameter hewn and marked with the name of the claim, the position or number of the monument and the direction of the boundary lines, and by cutting out, blazing or marking the boundary lines so that they can be readily traced."

■■ Because of the difficulty, if not the impossibility, of blazing or marking the boundary lines of a claim above timber line or of preventing their obliteration by brush and vegetation, which are almost tropical in their luxuriance in Southeastern Alaska, the Courts have been somewhat indulgent in dealing with cases of the kind her presented. Cf. Walton v. Wild Goose Mining & Trading Co., 9 Cir., 123 F. 209, certiorari denied 149 U.S. 631, 24 S.Ct. 856, 48 L.Ed. 1158; Larned v. Dawson, D.C., 90 F. Supp. 14. It would serve no useful purpose to attempt to review the mass of conflicting testimony with reference to the staking and marking of the defendants' claims. Viewed with the utmost liberality the testimony is insufficient to show that the claims were so distinctly marked as to enable a third person to trace the boundaries by means of cairns or posts erected on the claims above timber line, or by posts, blazes or other marks on claims below timber line and such a deficiency may not be supplied by recourse to the certificates of location, 2 Lindley, Mines, 920–1, Sec. 392.

The answer alleges, but only by way of recital, that the plaintiff had actual knowledge of the defendants' claims. Proof of this would have been equivalent to valid record notice. Cf. Bismark Mt. Gold Min. Co. v. North Sunbeam Gold Co., 14 Idaho 516, 95 P. 14; Ninemire v. Nelson, 140 Wash. 511, 249 P. 990; and compare Butte & Superior Copper Co. v. Clark-Montana Co., 249 U.S. 12, 39 S.Ct. 231, 63 L.Ed. 447; 2 Lindley, Mines (3rd Ed.) 910, Sec. 383. But no such proof was made.

Accordingly, I find that the locations made by Pape in 1950 and 1952 were not sufficiently marked on the ground. I have already found that the descriptions in the certificates are insufficient: I further find that "an intelligent person, with a knowledge of the permanent natural objects and permanent monuments in the vicinity", seeking to locate the claims by means of the certificates and marks on the ground, could not "identify them" and, hence, I conclude that the ground embraced by these 26 claims was vacant and unappropriated and open to location in October and November, 1952, when the plaintiff made his location.

This conclusion makes it unnecessary to consider the second contention and the remaining points urged in support of the first contention.

■ So far as the claims located in 1950 are concerned, the evidence shows that defendants' assessment work was done outside the claims purportedly for the benefit of non-contiguous claims. Under such a claim the burden of proving that the work benefited any or all of the claims or that the work was reasonably calculated to lead to the extraction of ore, is upon the one making the claim, New Mercur Min. Co. v. South Mercur

Min. Co., 102 Utah 131, 128 P.2d 269, certiorari denied 319 U.S. 753, 63 S.Ct. 1162, 87 L.Ed. 1707; Copper Glance Lode, 29 L.D. 542, 549; 2 Lindley, Mines 1565, Sec. 631. This burden was not sustained by the defendants.

The next question for determination is the validity of the plaintiff's 45 claims. The defendant contends:

(1) That the plaintiff's claims are not sufficiently described in the location certificates.

(2) That the claims were neither staked nor marked as required by law.

(3) That no discovery was made on each of the claims.

(4) That plaintiff admitted the foregoing by failing to reply to their counterclaim.

■ The fourth contention cannot be sustained. The defendant incorporated into what is denominated "Fourth Defense and Counterclaim" the allegations of the Third Defense that in the location of the respective claims the defendants complied but that the plaintiffs did not comply, with the statutory provisions relating to the location and description of claims. The latter allegations are merely denials in affirmative form of the allegations of the complaint. Obviously, by incorporating such allegations into what is denominated a defense and counterclaim, the defendant may not compel the plaintiff to repeat, in negative form in a reply, the allegations of his complaint, and hence, I conclude that the failure to file a reply in the instant case does not constitute an admission under rules 7(a) and 8(d), Fed.Rules Civ.Proc. 28 U.S.C.A.

■ The descriptions given in the location certificates of the plaintiff are such as to make it doubtful whether they are sufficient. The claims are described with reference to the Bohemia Basin Camp, which the Court finds refers to the cabin, but the only other monument given in

each instance is an adjoining claim or claims. This would suffice if the claim to which reference is thus made, were well known. On this point the evidence is not only silent, but it appears to be susceptible of one inference only—that they were not well known. Irrespective of these defects, however, the question of the sufficiency of the descriptions is really not involved in this controversy because such an objection is available only to a subsequent locator. Sakow v. J. E. Riley Inv. Co., D.C., 9 Alaska 427, 434; affirmed 9 Cir., 110 F.2d 345.

■ The defendants devote a great deal of space to arguing what are asserted to be inconsistencies in the several exhibits and the testimony introduced on behalf of the plaintiff, particularly that relating to the description and boundaries of the claims, and the impossibility of locating and marking claims within the time testified to by the plaintiff and his witnesses. Little weight can be given to these inconsistencies, however, except on the issue of credibility, because, where there are inconsistencies in the description of the claims or boundaries thereof, the marks on the ground govern. Where physical impossibility is asserted, it must clearly be shown. The state of the evidence is not such as to permit the Court to say that this was done.

In support of the contention that no valid discovery was made by the plaintiff, it is argued that norite is often barren of minerals. But an examination of the testimony of the plaintiff discloses that he testified that he found an outcropping of norite on each claim, which contained nickel or copper. This is sufficient to support the finding of a valid discovery as to each claim.

I conclude therefore that the 45 claims of the plaintiff were staked and marked in substantial compliance with the relevant statutory provisions and that he is entitled to have his title thereto quieted as against the defendants.