Carl VEVELSTAD, Plaintiff, v. E. Miles FLYNN, Defendant.

Carl VEVELSTAD, Plaintiff, v. Norma
HARRIGAN, et al., Defendants.

Nos. 7469–A, 7482–A.

District Court, Alaska. First Division, Juneau.

Aug. 17, 1956.

Frederick O. Eastaugh, of Robertson, Monagle & Eastaugh, Juneau, Alaska, for plaintiff.

John H. Dimond, of Faulkner, Banfield & Boochever, Juneau, Alaska, for defendants.

KELLY, District Judge.

In the two above-entitled cases identical motions were filed by the counsel for defendants for relief in two respects

(a) dismissal of the complaint for insufficiency of process, and

(b) for an order requiring plaintiff to amend complaint and set forth more definitely the location of the mining claims upon which plaintiff seeks relief of this court to have the title thereto quieted.

This Opinion will apply in both cases.

The Court has been furnished with a memorandum brief by counsel for defendants in support of this motion, and answering brief by plaintiff's counsel, and has had the benefit of oral argument thereon by counsel for both parties, and in addition has been furnished a memorandum brief by counsel for plaintiff on the matters raised during the oral argument concerning the validity of the service herein. The counsel for the defense did not file brief in answer thereto, stating that the references in their brief in support of the motion amply covered the question and therefore waived filing of reply.

I

▮ The first question, namely the motion to dismiss, presents a most important problem for the reason that there are undoubtedly many cases which have been brought, and possibly a considerable number of them have gone to final judgment or decree, wherein the publication of summons followed the procedure used herein.

Sec. 55–4–10, A.C.L.A.1949, provides for the order of publication and requires the same to be published "for such length of time as may be deemed reasonable, not less than once a week for four weeks" and further "In case of publication, the defendant shall appear and answer within thirty days after the date of the last publication prescribed by the order of the court * * *."

This section likewise provides the form for the summons, either for personal service or publication, and the wording set forth therein is as follows:

> " 'You are hereby required to appear in the District Court for the Territory of Alaska, . . . . . . Division, within thirty days after the last publication of this summons, namely, within thirty days after the . . . . . . . day of . . . . . . 19. ., in case this summons is published, or within forty days after the date of its service upon you, in case this summons is served upon you personally, and answer the complaint of the above-named plaintiff on file in the said court in the above-entitled action.' "

It is agreed that the summons in this case was published four times, on the following dates: April 27, May 4, May 11, and May 18, 1956, and defendant contends that although it was published on these four dates the period of time between April 27th and May 18th, 1956, is only three weeks and that the requirement of the statute for publication "for four weeks" should be construed as carrying forward the date of the last publication on May 18th for a full week thereafter or until May 25, 1956.

.· Plaintiff's counsel contends that after the amendment of 1931 to this section, which amended the law to provide as above quoted, the thirty day period begins to run on the date of the last publication, namely May 18th, and that a provision that publication shall be made once a week for a specific number of weeks requires only the specified number of weekly publications and does not require that the full number of days in so many weeks shall elapse between the first and final publication.

In Inland Finance Co. v. Standard Salmon P., 1924, 7 Alaska 131, it was held:

> "Where the last one of six publications, made once a week, was on January 21, 1922, it carried the publication forward to the close of the day January 27, * * *."

This case was decided in 1924 before the statute was amended in 1931. Neither counsel pointed out to the Court that the last publication therein was on January 21, 1922, prior to the amendment of 1923. In view of this it becomes necessary to compare the provisions of the statute prior to the 1923 and 1931 amendments with the present provisions.

Plaintiff's counsel points out in his brief that C. 39, S.L.A.1923 amended Sec. 880, C.L.A.1913 by changing six weeks to four weeks and by adding the following:

> (a) " 'In case of publication, the defendant shall appear and answer within thirty days after the date of the last publication prescribed by the order of the court or judge, for example, within thirty days after the fourth successive weekly publication if the order of the court or judge provides that the summons shall be published once a week for four weeks' ",

and

> (b) "by adding the form of summons".

This was further amended in 1931 by C. 31, S.L.A.1931, which deleted the final phrase in (a) above so that the pertinent portion of this act now reads, Sec. 55–4–10, A.C.L.A. 1949:

> "In case of publication, the defendant shall appear and answer within thirty days after the date of the last publication prescribed by the order of the court or judge thereof or clerk of court or justice of the peace. * * *"

This section also provides for the form of summons, as quoted above.

It must be noted that when the Inland case, supra, was decided the act did not provide for the form of summons and that the wording regarding publication differed. The C.L.A.1913, Sec. 880, provided that

> "The defendant shall appear and answer within thirty days after the completion of such period of publication."

The present act provides:

> "The defendant shall appear and answer within thirty days after the date of the last publication"

and the form of summons provided in the present act contains the following wording:

> " 'You are hereby required to appear in the District Court for the Territory of Alaska, . . . . . . Division, within thirty days after the last publication of this summons, namely, within thirty days after the . . . . . . day of . . . . . ., 19. ., in case this summons is published * * *.' "

In this case the summons as published contained the following words:

> "You are hereby required to appear in the District Court for the District of Alaska, Division Number One at Juneau, within thirty days after May 18, 1956, in case this summons is published * * *."

The 1931 act deleted the following language:

"for example, within thirty days after the fourth successive weekly publication if the order of the court or judge provides that the summons shall be published once a week for four weeks"

so that the pertinent part of the statute as it stands today reads as quoted above.

Counsel for plaintiff goes to some length to develop the question of whether the provision of the statute requires waiting until the end of the fourth week of publication before the thirty day period begins to run or whether the thirty days begin on the day of the last publication. He cites many cases supporting his contention that according to the weight of authority, a provision that a publication shall be made once a week for a specific number of weeks requires only the specified number of weekly publications, and does not require that the full number of days in so many weeks shall elapse between the first and last publications. Ann. Cas.1917–B at page 209. However, it is not necessary to resolve that particular issue herein because the Legislature has changed the act which was in effect when the publication in the Inland case, supra, was had. The statute then read "thirty days after the *completion of such period of publication*" (emphasis supplied), while it now reads "within thirty days after the *date of the last publication*" (emphasis supplied).

I think the Legislature's action is significant and that here the statute was changed by the Legislature in an effort to clarify its meaning and to declare their intention that the thirty days began to run on the date of the last publication and not after the completion of the full period of four weeks of publication. They plainly intended to change the requirement for completion of the period of publication of four full weeks before the thirty days began to run to permit the thirty days to begin on the date of the last publication which, in this case, was May 18th. The motion to dismiss the complaint for insufficiency of process is denied.

## II

The second part of this motion asks that plaintiff be required to amend his complaint and set forth a more definite statement showing exactly where plaintiff's alleged mining claims are situated.

The complaint herein alleges that plaintiff located and posted certain lode mining claims on Yakobi Island, in the Sitka Recorder's Precinct, and filed for record within 90 days after location, at Sitka, a certificate of location of each such respective claim, which contained the name or number of the claim, the number of feet in length and width of each such claim, the respective date of discovery and of posting the notice of location of each such claim, the name of the locator of each such respective claim and a description of each such respective claim with such reference to a natural object or permanent monument that an intelligent person with knowledge of the prominent natural objects and permanent monuments in the vicinity could identify each such respective claim, and that the plaintiff, since the respective date of his location of said claims, has been the owner and in possession thereof and entitled thereto and the minerals included therein.

Plaintiff further alleges that defendant claims some right, title, interest or estate in and to the ground area embraced in plaintiff's claims by reason of purported locations on Yakobi Island of certain purported claims the descriptions of which are incorporated in the complaint by reference to the respective books and pages of the records of the Recorder of the Sitka, Alaska, Commissioner's and Recorder's Precinct and District and sets forth in paragraph 4 of his complaint, by name and number, date of recording, and page in Record Book 11.

Defendant contends that the complaint does not show a proper description of where plaintiff's claims are located. Plaintiff in his brief opposing defendant's motion in this regard cites the case of Flynn v. Vevelstad, 14 Alaska 557,

119 F.Supp. 93, wherein a somewhat similar controversy was decided in favor of the plaintiff Flynn (the defendant herein) and quieted his title to certain mining claims on Yakobi Island as against the claims of the defendant therein, S. H. P. Vevelstad, who is a brother of Carl Vevelstad, plaintiff herein. The judgment therein was affirmed by the U. S. Court of Appeals on January 13, 1956, rehearing denied March 5, 1956, 16 Alaska 83, 230 F.2d 695. When that case was before this court the records show that an amended complaint was filed on August 26, 1953 wherein, in paragraph 2, the plaintiff alleged that all unpatented mining claims were within an area described as beginning at an approximate longitude of 136°27′23″ west and approximate latitude 57°57′33″ north, and then proceeding, with almost two pages of metes and bounds description of the area within which plaintiff Flynn's unpatented mining claims were situated. In paragraph 3 of this amended complaint the Plaintiff Flynn refers to Exhibit A, attached to amended bill of complaint, same being a plat of the area embraced within the above described boundaries.

Defendant contends that in order to meet plaintiff's allegations it would be necessary to go to great effort and expense. He charges it would be impossible for the defendant to frame a responsive pleading stating which claims of the defendant, if any, would conflict with the claims of the plaintiff without copying 80 certificates of location from the Sitka Recorder's records and the making of a survey of the plaintiff's claims insofar as it may be possible to survey them.

It appears to this Court that the information required must be within the knowledge and possession of the plaintiff and that defendant should not be required to go to the effort and expense he claims would be necessary in order to meet plaintiff's allegation. Certainly plaintiff must have in his possession data used to prepare and file the claims, which data should show with at least as much clarity as was shown in the amended bill of complaint filed in Flynn v. Vevelstad,

the location of the various mining claims of the plaintiff and the manner in which any claims of the defendant would be in conflict therewith.

Therefore an order may be entered requiring the plaintiff to file an amended complaint within 20 days and defendant will have the usual time after the filing thereof in which to make answer.

Defendant, being the moving party here, may prepare the order.