ELBING et al. v. HASTINGS et al.

(Third Division. Fairbanks. October 13, 1906.)

No. 470.

1. JURY (§ 14*)—JURISDICTION—TRIAL.

Plaintiffs brought this suit in equity to quiet title to real property. Defendants answered, alleging a continuous prior and present possession of the premises, objecting to the jurisdiction of the court on that ground to try the case in equity, and demanding a jury trial of the issue of possession. *Held*, that the court sitting as a chancellor had jurisdiction to determine the question of possession, and a jury trial of the issue was denied.

[Ed. Note.—For other cases, see Jury, Cent. Dig. §§ 42, 45, 75; Dec. Dig. § 14.*]

2. QUIETING TITLE (§ 13*)—TRIAL—DISMISSAL—JURISDICTION.

Where, in a suit to quiet title, the defendants by their answer plead, and the chancellor finds the fact, that defendants were in possession of the property at the time of bringing the action, the suit must be dismissed for failure of proof, for want of jurisdiction in equity, and because the plaintiffs would have a plain, speedy, and adequate remedy at law.

[Ed. Note.—For other cases, see Quieting Title, Dec. Dig. § 13.*]

*See same topic & § NUMBER in Dec. & Am. Digs. Key No. Series & Rep'r Indexes

3. JURY (§ 14*)—EQUITY—ABUSE OF DISCRETION.

> Section 371 of the Alaska Code of Civil Procedure provides for a jury trial in equitable actions whenever it becomes necessary or proper to inquire of any fact by the verdict of a jury. *Held*, that such a jury is not a common-law jury, and trial by such a jury is not demandable by either party as a matter of right; but such a jury trial rests in the sound discretion of the court, subject, of course, to review by the appellate tribunal for abuse of discretion or arbitrary exercise of power by the chancellor.

> [Ed. Note.—For other cases, see Jury, Cent. Dig. §§ 42, 45, 75; Dec. Dig. § 14.*]

This is a suit in equity to quiet title. The plaintiffs allege that they are the owners and in possession of placer bench claim No. 10 below discovery, right limit, first tier, on Dome creek, in the Fairbanks mining district, Alaska; that they are the owners in fee of said premises as to all persons save and except the United States; that the defendants claim an estate or interest in said property adverse to plaintiffs; that the claim of the defendants is without any right whatever, and the said defendants have no estate, right, title, or interest whatever is said land or premises, nor any part thereof. Wherefore plaintiffs pray that defendants be required to set forth the nature of their claim, and pray for decree.

To this complaint the defendants Hastings and Roth file what they term a "plea in abatement." In the first paragraph they allege that the third defendant's name is W. F. Woodward, instead of W. F. Woodworth, and tender the plea of misnomer in abatement. They then set up a prior valid location of the mining claim so described in the complaint by Woodward, and a transfer of interests to them, and allege that at the time of the subsequent entry of the plaintiffs upon the claim and the attempted initiation of their rights the defendants then were, ever since have been, and now are in the actual possession of the claim, and their third paragraph fol-

*See same topic & § NUMBER in Dec. & Am. Digs. Key No. Series & Rep'r Indexes

lows up this allegation of prior and actual present possession · by alleging:

"That said U. G. Hastings and George Roth further allege and state that the complaint herein is in the form to 'quiet title' under section 475, p. 246, Carter's Alaska Code, and that the same is not prosecuted in good faith in such form, but for the express purpose on the part of the plaintiffs of compelling defendants to submit the question of fact in the cause to the court for decision, rather than to a jury, as would be their privilege, had a proper action of ejectment been instituted by the plaintiffs."

Defendants then pray that the action abate and proceed no further (1) because of the misnomer of Woodward; (2) because the action should have been ejectment and not to quiet title; and (3) because the court has no jurisdiction in equity to try the action.

The plaintiffs filed a reply denying the allegations of valid location. The defendants filed a motion to strike matters from the reply, and also moved the court in writing "to submit to a jury as a preliminary question, affecting the jurisdiction of this court to try the same sitting as a court of equity, the issues of fact tendered by the plea in abatement and reply thereto as on file, with directions to the said jury to return a special verdict in accordance with section 205, p. 185, Carter's Alaska Code; that the findings of fact or questions to be propounded to the jury be in substance as follows:

"Q. Were the defendants, prior to the commencement of this action on March 22, 1906, the owners under a prima facie valid placer location, of the first tier of bench claims, right limit, opposite to and adjoining creek claim No. 10 below discovery on Dome creek, in the Fairbanks recording district, in the territory of Alaska?

"Q. Were the defendants, either in person or by their employés, or both, in the actual, physical, good-faith possession of a portion of the said placer mining ground under claim of title at the time this action was commenced, to wit, on the 22d day of March, 1906?

"That, if said questions be answered in favor of the defendants, judgment herein be entered by the court such as the law and prac-

tice will warrant; but if the same are answered in the negative, that then these defendants, upon their conditional request made at this time, be permitted to answer to the merits as they may be advised."

McGinn & Sullivan, for plaintiffs.

Louis K. Pratt, for defendants.

WICKERSHAM, District Judge.   Congress has provided two methods for trying title to real property in Alaska, and possession by plaintiff or defendant is the pivotal point in determining which method shall be adopted.   Section 475 of the Code of Civil Procedure provides the first method as follows:

"Sec. 475. Any person in possession, by himself or his tenant, of real property, may maintain an action of an equitable nature against another who claims an estate or interest therein adverse to him, for the purpose of determining such claim, estate or interest."

The second method is that provided in section 301 of the Code of Civil Procedure, which reads as follows:

"Sec. 301. Any person who has a legal estate in real property, and a present right to the possession thereof, may recover such possession, with damages for withholding the same, by an action.  Such action shall be commenced against the person in the actual possession of the property at the time, or, if the property be not in the actual possession of any one, then against the person acting as the owner thereof."

Section 475 provides a suit in equity to quiet title to be brought by one in possession of real property, and plaintiffs bring this action under that section.   Section 301 provides a suit in ejectment by one who is not in possession against one who is in possession at the time the action is brought.   A single, though important and interesting, question is raised by the defendants' motion to submit preliminary special findings to a jury in this case.   The plaintiffs in their complaint allege that they were in possession and bring their suit in equity under section 475 to quiet title.   The defendants then allege

that they were in possession of the same ground when the suit was brought, and move to have the jurisdictional question of possession submitted to the jury. This brings the court to a consideration of the inquiry: In a suit in equity to quiet title to real property, where the defendant alleges that he was in possession of all or any portion of the property at the time the action was brought, shall the chancellor or a jury determine the jurisdictional fact of possession?

Before an answer is made to this inquiry it is necessary to have a clear view of the issues tendered by the answer or plea in abatement. The allegation of possession made therein is, simply, that defendants were in possession at all times from the date of their prior location of the mining claim in dispute, and were in possession thereof when the suit to quiet title was instituted, thus challenging the jurisdiction of equity on that ground alone. Donahue v. Meister, 88 Cal. 121, 25 Pac. 1096, 22 Am. St. Rep. 283, is offered as authority in support of defendant's position, and is entitled to careful examination for that reason as well because it was the basis for the action of Judge Moore, of the Second Division, in submitting special findings to the jury in the case of Seliner v. McKay, 2 Alaska, 564. Donahue v. Meister was a suit in equity in the usual form to quiet title to a mining claim. The defendant in that case alleged prior possession of the claim for several years next preceding April 6, 1899, and "that on said April 6th 'the plaintiff wrongfully and unlawfully entered thereon' and ousted defendant therefrom, and that plaintiff wrongfully withholds the same from the defendant." In the prayer of the answer the defendant asked, in addition to general relief, that he "be restored to the possession of that" property. At the proper time the defendant demanded a jury "on the issue raised by his said averments of prior possession and ouster." A jury trial was refused, the case was tried by the court, and decree went against defendant, and the Supreme Court re-

versed the case because the defendant was entitled to a jury trial. One has not far to seek for the reason, or for the difference between that case and the one at bar. While the complaint in that case was in equity to quiet title, the answer tendered a prior issue in ejectment. It set up a prior title and possession, an ouster by the plaintiff, and a prayer for judgment thereon. Upon that issue at law the defendant was entitled to a jury trial, and because it was refused the case was reversed.

But in the case at bar no such issue is tendered. It is true that defendants tender the issue of prior possession, but not that of ouster. They specially bar the issue of ouster by the affirmative allegation of their own actual possession prior to, at the time of, and ever since the date of bringing this action. They do not tender an ejectment issue, such as was clearly made in Donahue v. Meister. Their issue stops with that of possession, and the only effect of that issue is to challenge the jurisdiction of equity to grant relief, for the reason that the plaintiffs have a plain, speedy, and adequate remedy at law by ejectment. They say, in effect, because they were in possession of the claim on the day when plaintiff brought this action, that equity has no jurisdiction under section 475; that plaintiffs' remedy is at law in ejectment under section 301. In short, by their allegation of possession the defendants raise only the question of jurisdiction—a question of law for the court to decide, and not a question of fact in ejectment for the jury. That question depends for its answer upon the facts, of course; but so does every failure of proof. It is not a question, like that in ejectment, of finding the facts of ownership, of ouster, and the right of possession, but only the simple one of judging whether or not the plaintiffs have a cause of action within the jurisdiction of a court of equity. Defendants plead facts to show the want of jurisdiction. If the plaintiffs do not establish jurisdiction by their evidence, the court's duty is to

dismiss the case. The court would not even have jurisdiction to enter a decree for the defendants in that event, for if there be no jurisdiction by reason of the failure of the plaintiffs to establish their possession the whole case must fall. Just such a question was settled by the Supreme Court of Oregon in Moore v. Shofner, 40 Or. 488, 494, 67 Pac. 511, where the court said:

"The court below decreed the title to be in the defendant. Being without jurisdiction, it could not go to that extent. The defendant had not demanded it, and the court should have dismissed the complaint merely with costs to the defendant, and such will be the order of this court."

Where, in a suit to quiet title, the defendants by their answer plead, and the chancellor finds, that defendants were in possession of the property at the time of bringing the action, the suit must be dismissed for failure of proof—for want of jurisdiction in equity, and because the plaintiffs would have a plain, speedy, and adequate remedy at law. Love v. Morrill, 19 Or. 545, 550, 24 Pac. 916; O'Hara v. Parker, 27 Or. 156, 167, 39 Pac. 1004; Silver v. Lee, 38 Or. 508, 511, 63 Pac. 882; Moore v. Shofner, 40 Or. 488, 494, 67 Pac. 511.

Nor is the defendant entitled to a jury trial as a matter of right under the provisions of section 371 of chapter 39 of the Code of Civil Procedure, which reads as follows:

"Sec. 371. The provisions of chapter 15 of this title shall apply to actions of an equitable nature except as in this chapter otherwise or specially provided. Both issues of law and fact shall be tried by the court, unless referred. Whenever it becomes necessary or proper to inquire of any fact by the verdict of a jury, the court may direct a statement thereof, and that a jury be formed to inquire of the same. The statement shall be tried as an issue of fact in an action, and the verdict may be read as evidence on the trial of the action."

Such a jury is not a common-law jury for the trial of the issues in ejectment or any other fact at law. It is not the

constitutional jury provided for by section 1, art. 6, of the Constitution of the United States, which preserved the right "in suits at common law" only. Section 371 carries evidence of its character with it, for it provides that the verdict so rendered by the jury upon the issue submitted to it "may be read as evidence on the trial of the action." It is apparent that the verdict is thus offered as evidence in aid of the chancellor's judgment. If the verdict should be rendered by the jury upon insufficient evidence, or against the weight of the evidence, or in violation thereof, it would not bind the chancellor, and he ought to decree in equity even against the verdict in such cases. Congress adopted this section from the Code of Oregon, and the Supreme Court of that state had, prior to its adoption by Congress for Alaska, judicially determined its scope and authority and the rights of litigants under its provisions. In Raymond v. Flavel, 27 Or. 219, 230, 40 Pac. 158, after quoting the section, that court said:

"This section is declaratory of the common-law equitable procedure in the manner of trial, and of the necessity and propriety of calling a jury for the determination of certain issuable facts; and hence we must look to the law as it stood before the Constitution and the statute to ascertain in what instances, under what circumstances, and for the determination of what issues a commission will issue for the interposition of a jury. It was the privilege of an heir at law, and of a rector or vicar, in suits to establish a will or modus, to demand a hearing before a jury, and this was granted as a matter of right. Aside from these exceptions, the granting of an issue at common law was discretionary with the court; it was not demandable as a right. * * * So that at common law, in cases of equitable cognizance, where the evidence was so conflicting and contradictory, a jury was not demandable by either party as a right. It was a matter residing within the sound discretion of the court whether an issue for a jury should be awarded. This was a legal discretion, not to be arbitrarily exercised, and was the subject of review by the appellate courts. And under our statute cited above (section 396, Hill's Code) this doctrine must govern as to suits in equity in this state. It is the abuse

of discretion that is reviewable, that it may not be arbitrarily exercised."

In that case Judge Wolverton examined the authorities in some detail, and the construction given to the statute must be held to have been known to Congress and adopted with the statute for Alaska. If the plaintiff shall fail to establish his equitable right to quiet his title to the property in dispute by his evidence on the trial, and the court is thus stripped of its equitable jurisdiction, it is the duty of the chancellor to dismiss the suit, and he is not dependent upon the advice of a jury to determine the question of jurisdiction. It follows, in my judgment, that in a suit to quiet title, if the answer properly presents an issue at law in ejectment, as to that issue the defendant is entitled to a common-law trial by jury, and not to a jury trial in equity in aid of the chancellor's conscience (Donahue v. Meister, 88 Cal. 121, 25 Pac. 1096, 22 Am. St. Rep. 283; Landregan v. Peppin, 94 Cal. 467, 29 Pac. 771); but that if the answer is only in the nature of a plea in abatement, and the defendants allege and rely upon possession of the property at the time plaintiffs brought their suit in equity, that question is not one to be submitted to a jury, but goes to a failure of proof to sustain the bill. It is a question of jurisdiction, and must be answered by the chancellor upon hearing the testimony. Book v. Justice Min. Co. (C. C.) 58 Fed. 827, 829, 831.

In this case no cause has been shown to the court for submitting any issue of fact to a jury, and the application is denied. The motion to strike, contained in the first paragraph, is also denied.