THOMPSON *v*. UNDERWOOD.

Opinion delivered April 7, 1919.

1. MINES AND MINERALS—RECOVERY OF POSSESSION.—In an action for possession of mining claims, where plaintiff testified, without objection, that the land was unappropriated Government land at the time he located his mining claim, that he knew it was such from his inspection of forest maps, from printed advertisements in newspapers and from forest agents who were offering timber for sale in parts of the section where he located his claim, a finding that plaintiff's locations were on Government lands was sustained by evidence.

2. MINES AND MINERALS—EJECTMENT—MINING CLAIM.—One who located a mining claim could maintain ejectment for possession of the land against a trespasser or one holding it unlawfully, although he had leased the mining claims to another.

3.  SAME—LOCATION OF MINING CLAIM—NOTICE.—The object and pur-
    pose of the location notice required by Rev. Stat. U. S., § 2324, is
    to give notice to subsequent locators, and if there is a defect in
    the notice, and the subsequent locator has actual notice of the
    prior location, he will be bound thereby, at least as far as the
    defects are concerned.

Appeal from Polk Circuit Court; *J. S. Lake,* Judge;
affirmed.

*Prickett & Pipkin,* for appellant.

1. The court erred in refusing defendant's request
for a directed verdict because (1) plaintiff failed to prove
that the property claimed was unappropriated Govern-
ment lands at the time of his attempted location. U. S.
Rev. St., § 2319; (2) plaintiff had leased the claims to
J. D. Budd and his associates for twenty-five years be-
fore this suit for possession and had no right to sue for
possession. (3) The notices posted and recorded do not
contain a sufficiently definite description of the claims as
to render them capable of identification and were not re-
corded in time so as to give notice. The county is not
stated nor is the township stated north or south, or the
range, whether east or west. An "oak tree" or a "pine
tree" is not definite enough, as there are many of each,
and such a description is not sufficiently descriptive of
natural objects. On the evidence there was no case for
a jury, and a verdict should have been directed.

*Norwood & Alley,* for appellee.

1. It was proven that the land was unappropriated
United States land.

2. The claims were merely leased to Budd *et al.* on
a royalty. Appellee did not sell and he was still the
owner and entitled to the possession.

3. The location notices were recorded in Polk
County, and this was sufficient to put any one on notice
that the land was in that county. The law does not re-
quire location notices of mining claims to give section,
township or range. It only requires that the name of the
locator and date of location be given, and such a de-

scription by reference to some natural object or permanent monument as will identify the claim. U. S. Rev. St., § 2324.

4. The notices identified the claims by reference to trees and piles of stones, a blazed tree at the point where notices are posted and three corner stakes at stated distances is sufficient to enable a surveyor to ascertain the claims. 115 Fed. 531; 114 Idaho, 516; 95 Pac. 14. The blazed trees and stone piles were sufficient. 130 U. S. 291; 37 Pac. 480; 33 Id. 675; 80 Id. 736; 63 Id. 856; 13 Ann. Cas. 518; 55 C. C. A. 626; 13 Pac. 543.

4. Appellant can not take any advantage of any defect in the notice, because he claims that he never saw it and was not misled, for Ashcraft told him about the locations and he had notice of them. 93 C. C. A. 84. The sufficiency of the notice was a question for the jury and the verdict is conclusive, as there was no error in the instructions. 111 U. S. 356.

HUMPHREYS, J. On September 18, 1918, appellee instituted suit against appellant in the Polk Circuit Court to recover possession of lands in Polk County, under alleged valid mining location claims. In substance, it was alleged in the complaint that the lands claimed were unappropriated Government lands in May, 1918, at which time appellee and I. H. Howard located two manganese mining claims on said lands in accordance with law, and designated them as claim No. 2 on the Ada lode, and claim No. 7 on the Orvil lode; that the mining claim location notices posted on the Ada manganese lode and filed with the district recorder were as follows:

"Notice is hereby given that the undersigned, having complied with the United States mining laws and the location regulations, has located mining claim No. 2, on the Ada manganese lode or vein beginning at oak tree and running 1,500 feet north of east and 300 feet on each side of the center of the lode or vein, including all dips, spurs, angles and parallel veins within said boundary. Corners northeast pile of stone, northwest pile of stone, southwest pile of stone, southeast pile of stone, bounded on

north, east, west and south by United States Forest Reserve. Situated in section 24, township 3, range 31, ............... Mining District, County of ............ ..............., State of Arkansas.

"Located 5/21, 1918.    W. P. Underwood Locator."

That the mining location claim notice posted on the Orvil manganese lode and filed with the district recorder was the same in form and substance as the aforesaid notice, except the beginning point was at a pine tree, instead of an oak tree; that, after appellee had done all the things necessary to establish valid mining claims, appellant took unlawful possession of the lands in question, under the pretense of being a locator thereof, with full knowledge at the time he went upon the lands that the claims thereon had been previously located by appellee.

Appellant filed answer, denying that appellee was entitled to possession of the lands under valid mining locations, or that the descriptions contained in the mining location notices were sufficiently definite for identification, or that he was in the unlawful possession of said lands, or that he entered into the possession of them with knowledge, or notice, that appellee had laid valid mining claims upon them.

The cause was submitted to a jury upon the pleadings, evidence and instructions of the court, upon which a verdict was returned in favor of appellee and judgment rendered in accordance therewith adverse to appellant. From the verdict and judgment an appeal has been prosecuted to this court.

The record reflected that appellee discovered manganese in section 24, township 3 south, range 31 west, in Polk county, and on May 21, 1918, made two mining locations thereon by posting a notice on each claim in the form designated above, by marking the boundaries thereof with blazes on trees, by piling stone at the four corners of each claim and by filing said notices with the recorder of the county; that O. B. Ashcraft was present when appellee posted the notices of the claims in May,

1918; that several months after the posting of the notices aforesaid, appellant came into the county prospecting for manganese and spent the night with O. B. Ashcraft, who lived on mining property near the claims located by appellee. In order to secure a promise from appellant to buy some mining machinery from him, Ashcraft pointed out the manganese to him and told him of the former locations. Appellant then placed location notices upon the claims previously located and took possession of the property. In the course of his testimony, appellee testified that, at the time he laid the claims upon the lands, they were unoccupied, unappropriated United States Government lands; that he knew it from his inspection of forest maps and printed advertisements in the newspapers and from forest agents who were offering the timber for sale in parts of the section where he located his claim; that, after posting his location notices on the lands, marking the boundaries thereof by blazes and by stones piled at the corners thereof, and recording the notices in the record's office of Polk County, he gave a lease to Mr. Budd and some of his associates, granting them the right to enter upon the lands and mine the same on a royalty basis.

It is first insisted by appellant that appellee failed to prove that the property was on unappropriated Government lands when he made his locations on May 21, 1918. Appellee testified that it was unoccupied, unappropriated Government land at that time, and, on cross-examination, gave his reasons for knowing that it was Government land. No objection was made by appellant to the character of the evidence. Upon this evidence the question was submitted to the jury and the jury found it was Government land. There was sufficient evidence to sustain the finding of the jury in this regard.

It is next insisted by appellant that appellee had no right to maintain the suit for possession, because he had leased the mining claims to Budd and his associates before instituting the suit. There is nothing in the evidence to indicate that he sold his mining claims to Budd

and his associates. He only granted them the right to enter and mine the land on a royalty basis. The execution of the lease in no way affected his right to maintain ejectment for the possession of the land against a trespasser or one holding it unlawfully.

Lastly, it is contended by appellant that the notices posted upon the land and filed in the recorder's office do not contain a sufficiently definite description of any lands to render same capable of identification. It is conceded by both parties that, in the mining district where these claims were laid, it was the rule or custom to record the notices in the recorder's office of the county. When necessary by statute, rule or custom to so do, section 2324 of the Revised Statutes of the United States provides that the notice shall contain the name of the locator, the date of the location, and such description by reference to some natural object or permanent monument as will identify the claim. It is said by appellant that the description is indefinite and uncertain for the reason that it does not show whether the land claimed was in township 3 south or north of the base line, or whether in range 31 east or west of the fifth principal meridian, or whether in Polk County; and because the oak tree mentioned as the beginning point on the Ada claim, and the pine tree mentioned as the beginning point on the Orvil claim, are not tied to any particular tree on the ground when the evidence showed that there were other trees of the same kind about the same place. Conceding, without deciding, that the description in the notices was not sufficiently definite to give constructive notice of the location of appellee's claims to subsequent locators, yet, when taken in connection with the information appellant obtained from Mr. Ashcraft and the actual markings and monuments on the ground, it was sufficient to inform appellant of appellee's prior locations. Under the facts and circumstances in this case, appellant was precluded from raising questions of defect in appellee's location notices. It was said in the case of *Bismarck Mountain Gold Mining Co.* v. *North Sunbeam Gold Co.*, 95 Pac. 14, that: ''The object

and purpose of the location notice is to give notice to subsequent locators, and if there is a defect in the notice, and the subsequent locator has actual notice of the prior location he will be bound thereby, at least as far as defects are concerned.''

No error appearing, the judgment is affirmed.