335 P.2d 71

**D. L. ATHERLEY, Plaintiff and Appellant,**

**v.**

**BULLION MONARCH URANIUM COMPANY, Inc., a Utah corporation, Defendant and Respondent.**

No. 8859.

Supreme Court of Utah.

Feb. 6, 1959.

Robert W. Hughes, Salt Lake City, for appellant.

Van Cott, Bagley, Cornwall & McCarthy, Clifford L. Ashton, Donald E. Schwinn, Salt Lake City, for respondent.

COWLEY, District Judge.

This is an action brought by the plaintiff-appellant, hereinafter referred to as plaintiff, to quiet title to an unpatented mining claim known as the Poison Fraction. Defendant-respondent, hereinafter referred to as defendant, in its answer denied the validity of such claim and sought by counterclaim to quiet its title to an unpatented mining claim known as Farmer John No. 3. The

alleged Poison Fraction claim of plaintiff overlaps the southeastern portion of the alleged Farmer John No. 3 claim. This overlapping constitutes the area of dispute in this case.

In the trial court defendant filed a motion for summary judgment based upon the pleadings and the deposition of plaintiff. The trial court granted this motion, holding that there was no triable issue of fact, and as a matter of law defendant was entitled to have its Farmer John No. 3 claim quieted to the exclusion of the disputed overlapping portion of plaintiff's Poison Fraction claim. Plaintiff appeals.

The Farmer John No. 3 claim was located in 1943 by one James M. Sargent who subsequently conveyed his interest therein to defendant. The mining of uranium from said claim was the first uranium mining conducted in the state of Utah and is located near Marysvale, Piute County.

The side lines of the Farmer John No. 3 claim as originally located by James M. Sargent in 1943 ran in a northeast-southwest direction, having a strike of North 50° east, and running parallel to a fluorspar vein. This original notice of location was properly filed of record as required under section 40-1-4, U.C.A.1953. A few years later, but at least by 1952, defendant shifted its corner stakes so that the side lines on the ground of the relocation ran due east and west and crossed the fluorspar vein rather than paralleling it. This relocation took in new unoccupied ground east and south of the old northeast-southwest boundary line. Defendant did not file of record the 1952 amended location notice.

Plaintiff located his Poison Fraction claim in May of 1955, and because he discovered that defendant had not filed of record in Piute County an amended location notice, he staked over and overlapped the southeast portion of Farmer John No. 3 as amended. Plaintiff knew that the boundary liens of Farmer John No. 3 as amended had been in their present location at least since 1952 at the time he located his Poison Fraction claim. Plaintiff also knew at the time he located his claim that defendant was in possession of the area in dispute through its lessee and was and had been conducting mining operations thereon for a few years previously.

Nearly all of the mining operation of Farmer John No. 3 has been conducted on this conflict area. Between 1949 and 1952 plaintiff under contract with defendant removed some ten thousand tons of ore from the area now in dispute, and the claim was leased in 1954 to Vanadium Corporation of America, which company has since worked and developed the mine. Plaintiff estimates in his deposition that $300,000 has been expended by defendant or its lessees and contractors in developing the conflict area.

It is conceded that defendant or its predecessors in interest have complied with all requirements under the mining laws of

the United States, Title 30 U.S.C.A. § 22 et seq.; and the Utah mining laws, Title 40, Chapter 1, U.C.A.1953, except as to the provision, section 4 of the Utah law, requiring the recording of a "copy of location notice" as it applies to the 1952 amended location notice of the Farmer John No. 3.

The only issue on this appeal is whether or not a mining locator, with full knowledge of the claim of a prior claimant, may deliberately stake over the boundaries of said prior claimant while the latter is in possession and mining the property claimed, and assert the invalidity of the prior claim, on the sole ground that a few years before the prior claimant had relocated his claim without filing of record an amended location certificate.

Plaintiff contends that since no amended notice of location was filed he had a right to rely on the *original recorded* notice of location, thereby claiming that the area in dispute in this case falls outside of the Farmer John No. 3 claim, and that defendant therefore cannot assert a prior right to the conflict area against this plaintiff. In this plaintiff is in error for reasons hereinafter stated.

Under federal law the only requirements imposed upon a locator of a mining claim is the discovery of mineral within the limits of the claim, and the segregation of the claim from the public domain by distinctly marking the corners on the ground so that its boundaries can be readily traced. There is no requirement of recording a location notice under federal law. The Utah law relating to the location of mining claims on the public domain provides no additional requirements insofar as the location itself, as distinguished from the record of the claim is concerned. Said law does provide, however, that a copy of the location notice should be filed of record in the office of the county recorder of the county in which the claim is located within 30 days after the location of the claim. The recording of a notice of location is not requisite to the initiation of title under the mining laws, and the failure to record does not forfeit a title properly initiated. The locator's title to a mining claim under the mining laws is initiated by the discovery of mineral coupled with the segregation of the claim from the public domain by the marking of the boundaries thereof. In Clark-Montana Realty Co. v. Butte & Superior Copper Co., D.C., 233 F. 547, 555, affirmed 249 U.S. 12, 39 S.Ct. 231, 63 L.Ed. 447, it is said:

"A location and its record are different things. The federal and most state statutes distinguish between them, and the former even in authorizing local rules 'governing the location' and 'manner of recording.' [30 U.S.C.A. § 28] the statutory object is to protect and

366

reward discoverers of mines. Discovery with intent to claim is the principal thing and vests an estate—an immediate fixed right of present and exclusive enjoyment in the discoveries. The record is incidental machinery to secure to the discoverer his reward and to give notice to others. The spirit of all recordation acts is notice to protect others against secret equities. If the record is not necessary to create the estate (as it is in the matter of homestead exemptions and mechanic's liens), the statute providing for recording is but a direction to do certain acts and does not create conditions subsequent; and if the statute provides no forfeiture for failure to record, by failure the estate is not divested. Recordations of mining locations cannot be a condition precedent for the estate arises before recordation is to be performed."

The title to a mining claim is therefore initiated by discovery and segregation both of which requirements were performed in this case. An estate immediately vested and the Utah law does not provide for a forfeiture for failure to record. Other cases holding that the right to a mining claim will not be forfeited by a failure to record a notice of location, in the absence of a state statute expressly providing for a forfeiture on that ground are Jupiter Mining Co. v. Bodie Consolidated Mining

Co., C.C., 11 F. 666; Dripps v. Allison's Mines Co., 45 Cal.App. 95, 187 P. 448; Indiana Nevada Mining Co. v. Gold Hills Min. & Mill Co., 35 Nev. 158, 126 P. 965; Johnson v. Ryan, 43 N.M. 127, 86 P.2d 1040.

Plaintiff had actual knowledge in this case of defendant's amended claim and exclusive possession at the time he located his Poison Fraction claim. The actual notice which plaintiff had is equivalent to valid record notice, Flynn v. Velvestad, D.C., 119 F.Supp. 93, affirmed, 9 Cir., 230 F.2d 695. In the Supreme Court's decision in the Butte & Superior Copper Co. case, 249 U.S. 12, 39 S.Ct. 231, 234, 63 L.Ed. 447, the court said, "It—constructive notice—is the law's substitute for actual notice, and to say that it and actual notice are equivalents would seem to carry the self-evidence of an axiom. Besides, in this case there was unequivocal possession of the Elm Orlu, and it is elementary that such possession is notice to all the world of the possessor's rights thereunder."

It is well established law that a locator, with full knowledge that a particular tract of land is claimed by another, may not enter such land for the purpose of establishing a mining claim thereon while such other person is in possession, and working the claim.

It should be noted that the rule is applied only in possessory actions between

mining claimants, such as the instant case, and not in those cases where the rights of United States or those of persons claiming under nonmineral laws are involved. As was stated in Houck v. Jose, D.C., 72 F.Supp. 6, 10, affirmed, 9 Cir., 171 F.2d 211:

"No presumptions are indulged in favor of a claimant, even in possession, against the United States but as between a locator in possession and a subsequent intruding locator, the law favors the locator who, in good faith, occupies mineral lands and does improvement work on them against the intruder who goes on the land which he knows has been located, claimed and occupied by another and tries to oust him."

In Eilers v. Boatman, 3 Utah 159, 167, 2 P. 66, 72, the territorial court of Utah held that one cannot locate ground on which another is in the actual possession under claim and color of right, because such ground is not vacant and unoccupied, in the following language:

"It is conceded by the respondents, and it is doubtless true, that, as between two locators, and as affecting their rights only, one cannot locate ground of which the other is in actual possession under claim or color of right, because such ground would not be vacant and unoccupied."

Affirmed, 111 U.S. 356, 357, 4 S.Ct. 432, 28 L.Ed. 454.

The contention of the subsequent locator in the Eilers case was that the prior locator had not properly stated his claim so as to segregate the same from the public domain.

In a fairly recent Idaho case, Gerber v. Wheeler, 1941, 62 Idaho 673, 115 P.2d 100, 103, the court, after noting that the subsequent locator had actual knowledge of the boundaries of the prior claim, said:

"We recently passed upon a somewhat similar question in the case of Independence Placer Mining Co. v. Hellman, 62 Idaho 180, 109 P.2d 1038, 1042, and said: 'One who has actual notice, that a prior locator is claiming a tract of mining ground and has done location work thereon and continued to do prospecting and assessment work on the property, is not in a position to make a valid location on such property. In such case he has notice that the ground is claimed by another and that so much of it as is claimed and occupied is no longer public domain subject to location; and he may not question the sufficiency of the original location or the character of the original occupant's title.'" [Citing cases]

Plaintiff's contention that defendant's priority of location to the conflict area cannot be maintained because of its failure to record the 1952 amended location notice is only correct where there are intervening rights in third parties at the

time the amendment is made taking in the new ground But where, as here, there were no intervening rights in third parties or this plaintiff in the conflict area at the time of the amendment, there can be no question as to defendant's right to amend its claim so as to take in new territory not originally claimed. Shoshone Min. Co. v. Rutter, 9 Cir., 87 F. 801. As said in Lindley, Volume 2, Third Edition, Section 396:

"There is no statute, law, rule or regulation which prevents a locator of a mining claim from amending his location and including additional vacant ground unclaimed by other parties, * * *."

Defendant concedes that if plaintiff had acquired his right to the area in dispute prior to the time when the Farmer John No. 3 was amended, it would not be entitled to prevail. But the facts are otherwise. The undisputed facts in this case based upon the pleadings and plaintiff's deposition clearly justified the trial court in granting defendant's motion for summary judgment.

Judgment affirmed. Costs to defendant.

CROCKETT, C. J., and WADE, WORTHEN and McDONOUGH, JJ., concur.

HENRIOD, J., having disqualified himself, did not participate herein.