377 P.2d 781

Melvin BRADSHAW, Plaintiff and Appellant,

v.

J. G. MILLER, Mrs. J. G. Miller, Beaver City Corporation, a municipal corporation; and Beaver County, Utah, a political subdivision of the State of Utah, Defendants and Respondents.

No. 9689.

Supreme Court of Utah.

Jan. 22, 1963.

Patrick H. Fenton, Cedar City, for appellant.

Cline, Wilson & Cline, Milford, John O. Christiansen, Beaver, for respondents.

WADE, Justice.

This appeal is by Melvin Bradshaw from a summary judgment granted by the court in favor of the Millers, Beaver City and Beaver County in an action brought by Melvin Bradshaw as an owner and locator of three recorded unpatented mining claims for the recovery of triple damages for the unlawful entry and removal of valuable materials therefrom after J. G. Miller had filed claims covering much of the same ground.

The summary judgment was based on the pleadings, exhibits and an affidavit.

There was no oral testimony. From this record upon which the judgment is based it appears that since prior to 1956 appellant Bradshaw claimed to have been in the actual possession and to have performed the required assessment work on mining claims known as the Sandman Placer Claim, Sandman No. 1 Placer Claim and Sandman No. 2 Placer Claim, all three of which claims were described in the location notices filed with the Beaver County Recorder in Beaver, Utah, as being contiguous to each other. Appellant's complaint averred that from these recorded location notices and from "location monuments and notices on said claims" all people, including respondents, had notice of these claims.

Respondent, J. G. Miller, answered denying appellant's allegations and cross-complained, claiming title to the disputed claims based on his location in 1961, and asking to have title quieted in him. Respondent Beaver City entered a general denial and respondent Beaver County's answer was a general denial and a further defense that appellant's notices of the attempted location of the Sandman Placer Claims failed to describe those claims so as to adequately identify them as required by the laws of the United States and the laws of the state of Utah. In the answers of all respondents there was an allegation that appellant's complaint failed to state a claim upon which relief could be granted.

From the exhibits it appears that appellant's recorded location notices described Sandman Claim, containing 40 acres, as being located five miles westerly from Manderfield and northwesterly from Black Mountain, connecting onto Claim No. 1 on the north side in Range 8, Township 29, upon a valuable deposit bearing gold and other precious metals. Sandman No. 1 was described in the location notice as being about 10 miles westerly from Manderfield and west of Black Mountain in Range 8 West, Township 29, and also containing 40 acres. Sandman No. 2 was described as being about five miles westerly from Manderfield and northwesterly of Black Mountain, connecting onto Claim No. 1 on the north side and east side, in Range 8 West, Township 29, and containing 40 acres. The affidavit of one of the attorneys for respondent Miller shows that any claims located five or 10 miles westerly from Manderfield would be located in Township 28 South, Range 8 West, Salt Lake Meridian and could not and are not located in any other township. Appellant's description of the claims as being in Township 29 are clearly in error.

After respondents' motion for a summary judgment, but before judgment was given, appellant requested the court's permission to file an amended complaint in which it was averred that all the respondents, before the filing of the Millers' claims, had actual knowledge, as well as construc-

tive notice, of the claims in question, and that "the markers required by law were duly installed on the claims * * * and signs were placed on any and all openings in said claims in such a manner that it would be impossible for any person to go on said claims without knowing that said claims were located" there and claimed by appellant.

■ The court was of the opinion that appellant's cause of action rested upon the validity of appellant's mining locations. The court determined that appellant's locations were void because no identification by monuments on the ground was shown in the recorded notices, nor was any claim described by shape or boundary line, nor reference made to any specific section in the recorded notices, and it could not determine under these circumstances within an area several miles square where such locations were made. The court declined to grant permission to file the amended complaint because it concluded that "the relief prayed for in the amended complaint must be predicated upon the same invalid locations as set forth in the original complaint * * *."

We are of the opinion that the court erred in its conclusions. We are aware that this court in Darger v. Le Sieur [1] stated that valid locations cannot be made under location notices in which the description of the claims located with reference to some natural or permanent object as will identify it is so uncertain that it cannot be ascertained with any reasonable certainty where the claims are located. In that case the defendant denied that his claims were located over the plaintiffs' claims. No actual knowledge was alleged or proved. In the instant case appellant asked to file an amended complaint, the gist of which was the actual knowledge by respondents herein of the claims and their locations before the location by the Millers on the same ground. In Atherley v. Bullion Monarch Uranium Company, Inc.,[2] this court held that as against a subsequent locator with full knowledge of a prior claim on ground not originally included in an admittedly valid location, but which ground had been included in a relocation of the claim by shifting corner stakes and otherwise complying with the mining laws of the United States and that of the state of Utah, with the exception of failing to record the notice of relocation, the prior claimant must prevail, because as we said on page 365 of the Utah Report, and on page 73 of the Pacific Reporter:

"Under federal law the only requirements imposed upon a locator of a mining claim is the discovery of mineral within the limits of the claim, and the

1. Darger v, Le Sieur, 8 Utah 160, 30 P. 363.

2. Atherley v. Bullion Monarch Uranium Co., Inc., 8 Utah 2d 362, 335 P.2d 71; Morrison's Mining Rights, 16th Ed., p. 37.

segregation of the claim from the public domain by distinctly marking the corners on the ground so that its boundaries can be readily traced. There is no requirement of recording a location notice under federal law. The Utah law relating to the location of mining claims on the public domain provides no additional requirements insofar as the location itself, as distinguished from the record of the claim is concerned. Said law does provide, however, that a copy of the location notice should be filed of record in the office of the county recorder of the county in which the claim is located within 30 days after the location of the claim. The recording of a notice of location is not requisite to the initiation of title under the mining laws, and the failure to record does not forfeit a title properly initiated. The locator's title to a mining claim under the mining law is initiated by the discovery of mineral coupled with the segregation of the claim from the public domain by the marking of the boundaries thereof. * * *"

█ Recording of notice of location can serve only the purpose of notifying others of the facts of location. If those facts are already known to would-be locators, neither the failure to record nor the recording of a notice containing an insufficient description should affect the rights initiated by the prior claimant.

From what we have said, it follows the court should have granted appellant permission to file the amended complaint and should not have granted the summary judgment in favor of all respondents.

Remanded with directions to proceed in accordance with this opinion and to permit appellant to file an amended complaint and prove, if he can, compliance with the conditions necessary for valid locations as pointed out in this opinion. No costs awarded.

CALLISTER and CROCKETT, JJ., concur.

McDONOUGH, J., concurs in the result.

HENRIOD, Chief Justice (concurring in result).

Since the main opinion remands only for further proceedings, I concur in the result. As to the observations with respect to possession, knowledge, description and notice, I am unable presently to commit myself to the recitations therein which appear to be dicta and not decisive of the ultimate issues to be resolved in the subsequent proceedings enjoined.