**Harold W. SHOPE, and Loren C. Hite, Appellants,**

v.

**Harold SIMS, Bruce Sims, and Joel Sims, d/b/a Little Girl Mining Co., a partnership, Eugene Darity and all other persons or parties unknown claiming a right, title, estate, lien, or interest in the real estate described in the complaint in this action, Appellees.**

No. 6551.

Supreme Court of Alaska.

Feb. 4, 1983.

C.R. Kennelly, Kennelly, Azar & Dono-hue, Fairbanks, for appellants.

John W. Hendrickson, Anchorage, for appellees.

Before BURKE, C.J., and RABINOWITZ, MATTHEWS and COMPTON, JJ.

## OPINION

COMPTON, Justice.

This case concerns a dispute over mining claims. Appellants Harold W. Shope and Loren C. Hite ("plaintiffs") sued Appellees Harold Sims, Bruce Sims and Joel Sims ("Sims"), alleging that the Sims had staked mining claims where their valid claims were already located. The superior court found for the Sims on the ground that the descriptions on the recorded certificates of location for each of the plaintiffs' claims were insufficient under AS 27.10.050.

On appeal, the plaintiffs contend that the judgment should be reversed on two grounds: (1) the superior court erred in dismissing their ejectment claim and denying their motion for a jury trial; and (2) the court erred in refusing to admit evidence that the Sims had actual notice of their claims. We reverse the judgment on both grounds.[1]

## I. FACTUAL AND PROCEDURAL BACKGROUND

The plaintiffs filed suit for quiet title of and the removal of clouds and ejectment from thirty-one mining claims in the area of Sheep Creek, near Circle, Alaska. The complaint alleges that in 1976 Eugene and Nancy Darity, the plaintiffs' predecessors in interest, posted notices and recorded these claims. The plaintiffs became owners of the claims in 1979 and 1980. In their answer, the Sims denied the allegations of the complaint and asserted as affirmative defenses that the claims were invalid and fraudulent. They also counterclaimed, alleging that they had validly located thirty claims on and near Sheep Creek. On its own motion, the superior court granted summary judgment to the Sims on the ejectment claim.[2] Because the remaining issues were equitable in nature, the court denied the request for a jury trial.

At trial, the plaintiffs tried to prove that the Sims had actual knowledge of the Darity claims, on the theory that if they had actual notice of the claims, they would not have been misled by the defective location certificates. The superior court refused to admit any evidence of actual knowledge, stating that the only issue at trial was whether the location certificates were defective. After the third day of testimony, the court dismissed the plaintiffs' case and directed judgment for the Sims on the ground that as a matter of law the plain-

---

1. The plaintiffs also contend that the superior court's finding that the location certificate descriptions were insufficient was clearly erroneous. Because we reverse the judgment on other grounds we do not reach this issue.

2. The summary judgment for the Sims on the ejectment claim was based on an interpretation of statutory and case law, not on any factual issue. Thus, it was more like a judgment on the pleadings under Civil Rule 12(c).

tiffs failed to prove that the location certificates were not defective.[3]

## II. THE DISMISSAL OF PLAINTIFFS' EJECTMENT CLAIM AND THE DENIAL OF A JURY TRIAL

■ The superior court dismissed the ejectment claim on the ground that "ejectment under AS 09.45.630 is available to recover, but not to maintain possession." In its memorandum decision, the court implied that before a party can prevail on an ejectment claim, the party must first establish a right to possession in a quiet title or removal of cloud action. This reasoning is not supported by Alaska law.

■ Alaska has two statutes for resolving disputes between adverse claimants of unpatented mining claims on federal public lands. First, although legal title remains in the United States, *Fulkerson v. Chisna Mining & Improvement Co.,* 122 F. 782, 785 (9th Cir.1903), an unpatented claimant has an equitable claim under AS 09.45.010 for either quiet title or removal of cloud. AS 09.45.010 provides: "A person in possession . . . of real property may bring an action against another who claims an estate or interest in the property adverse to him for the purpose of determining the claim." Under this statute, a plaintiff must allege that he or she was in possession, which, for an unpatented mining claim, is evidenced by location and the performance of annual assessment work. *Francis v. Jenkins,* 9 Alaska 91, 97 (D.Alaska 1937). The plaintiffs implied in their complaint that Eugene and Nancy Darity located the claims and performed annual assessment work on them; therefore, the trial court correctly allowed their quiet title and removal of cloud causes of action to stand.

■ In addition to the equitable claim, an unpatented claimant may also have a legal claim under AS 09.45.630 for ejectment.[4] AS 09.45.630 provides: "A person who has a legal estate in real property and has a present right to the possession of the property may bring an action to recover the possession of the property with damages for withholding it . . . ." Although a person cannot have legal title in public land, mere possession of public land will enable the possessor to maintain an ejectment action against anyone who enters upon it. *Arness v. Petersburg Packing Co.,* 260 F. 710, 712 (9th Cir.1919). The prior locator should thus allege that he or she has a present right to possession, that the defendant, the subsequent locator, unlawfully entered on the land, and that the defendant ousted the plaintiff therefrom. Whether the prior location is valid may involve both questions of law and fact. *See Cook v. Johnson,* 3 Alaska 506, 511 (D.Alaska 1908) ("The principal question in this [ejectment] case is as to who made the prior valid location . . . ."). The plaintiffs in this case alleged all of these elements; accordingly, it was error for the superior court to dismiss their ejectment claim on the face of the pleadings.

The superior court incorrectly relied on *Elbing v. Hastings,* 3 Alaska 125 (D.Alaska 1906), which also involved a dispute between rival mining claimants. In *Elbing,* the plaintiffs filed only an equitable claim for quiet title. In an attempt to defeat the court's equity jurisdiction by setting up an ejectment issue, the defendants alleged that they were in possession of the mining claim. The issue for the court was whether the question of the defendant's possession should be determined by the court or by the jury. The court held that because possession was a jurisdictional issue, it was a

<hr>

3. After the court dismissed the plaintiffs' case, counsel for the Sims decided not to proceed with their counterclaim for quiet title.

4. "That the action of ejectment will lie between rival claimants of mineral lands is no longer a question." *Tyee Consolidated Mining Co. v. Langstedt,* 1 Alaska 439, 451 (D.Alaska 1902),

*rev'd on other grounds,* 121 F. 709 (9th Cir. 1903). Although the plaintiff in *Tyee* was a patented miner, the rule in *Tyee* applies to unpatented claims as well, because the court held that the plaintiff had a right to ejectment even before his claim was patented.

question for the court, not the jury. 3 Alaska at 133. In this case, the plaintiffs alleged both quiet title and ejectment and the Sims do not challenge the court's jurisdiction to hear the equitable claim. The rule in *Elbing* is therefore inapplicable on its facts to this case.

■ By implying that the plaintiffs could maintain an ejectment claim only after they prevailed in the equitable claims, the superior court was essentially requiring the equitable claims to be tried first. *Beacon Theatres v. Westover,* 359 U.S. 500, 508, 79 S.Ct. 948, 955, 3 L.Ed.2d 988, 996 (1959), which addressed federal procedure and the federal right to a jury trial, held that when a case involves both legal and equitable claims, the facts common to such claims must be tried to a jury if a proper demand is made. We adopt the reasoning in *Beacon Theatres* in interpreting Alaska Civil Rule 38 and article I, section 16 of the Alaska Constitution. Whether a valid location was made involves facts common to both the legal and equitable issues in this case. Therefore, the rule in *Beacon Theatres* requires the ejectment claim to be tried before the equitable claims.

## III. REFUSAL TO ADMIT EVIDENCE OF ACTUAL NOTICE

■ AS 27.10.050(5) provides that the certificate of location shall contain "a description of the claim with such reference to some natural object or permanent monu-

ment so that an intelligent person with a knowledge of the prominent natural objects and permanent monuments in the vicinity can identify the claim." When the location certificates are insufficient under this statute, the claim is said to be void. AS 27.10.-010;[5] *Vevelstad v. Flynn,* 230 F.2d 695, 700 (9th Cir.), *cert. denied,* 352 U.S. 827, 77 S.Ct. 40, 1 L.Ed.2d 49 (1956).

The superior court refused to hear evidence on whether the Sims had actual knowledge of the plaintiffs' mining claim because it knew of no Alaska case that created an exception to the statutory requirement of an adequate description. The plaintiffs contend that *Flynn v. Vevelstad,* 14 Alaska 557 (D.Alaska 1954), *aff'd, Vevelstad v. Flynn,* 230 F.2d 695 (9th Cir.), *cert. denied,* 352 U.S. 827, 77 S.Ct. 40, 1 L.Ed.2d 49 (1956), provides such an exception. In *Flynn,* the court found the defendant's location certificates to be insufficient; accordingly, the ground was open to relocation by the plaintiffs. The court noted, however, that if the defendants had proven that the plaintiff had actual knowledge of their claims, the result might have been different: "The answer alleges, but only by way of recital, that the plaintiff had actual knowledge of the defendants' claims. *Proof of this would have been equivalent to valid record notice....* But no such proof was made." 14 Alaska at 565 (emphasis added). Thus, this dictum indicates that in territorial days, actual notice exception to the statutory requirement of an adequate description was recognized.

---

**5.** AS 27.10.010, which relates to mining claims in general, provides:

> *Claims to be located as prescribed by law.* A person who discovers upon the public domain in the state a lode or vein of rock in place, or a placer deposit which is open to location under the mining laws of the United States, may locate a lode mining claim or placer mining claim by posting a notice of location and by marking the boundaries as provided in [AS 27.10.030–.070]. An attempted location of a mining claim that does not comply with [AS 27.10.030–.070, and .150–190] is void.

AS 27.10.140, which relates to placer claims, provides:

> *Location in violation of law is void.* A placer mining claim attempted to be located in violation of AS 27.10.090–.140 of this chapter is null and void, and the whole area of it may be located by a qualified locator as if no earlier attempt had been made, and no placer mining claim which contains a greater area or is longer than is fixed by law may be patented.

The failure to comply with AS 27.10.050, therefore, would usually result in a mining claim that is void under AS 27.10.010. Although the Sims cited AS 27.10.140, they made no mention of AS 27.10.010 to support their argument that the plaintiffs' claims were void.

Other authorities have also recognized this exception.[6] In *Harvey v. Havener,* 135 Mont. 437, 340 P.2d 1084 (Mont.1959), for example, the court held that the defects in the certificate of location did not make the location invalid as to a subsequent locator who knew of the claims: "'As to parties having actual notice, as defendants did have in this instance, the defects in the certificate, whatever they may be, are to be deemed immaterial.'" 340 P.2d at 1088 (quoting *Heilman v. Loughrin,* 57 Mont. 380, 188 P. 370, 371 (Mont.1920)). The rationale behind this exception was explained in *Bradshaw v. Miller,* 14 Utah 2d 82, 377 P.2d 781 (Utah 1963):

> Recording of notice of location can serve only the purpose of notifying others of the facts of location. If those facts are already known to would-be-locators, ... the recording of a notice containing an insufficient description should [not] affect the rights initiated by the prior claimant.

377 P.2d at 783. In that case, the lower court had granted summary judgment for the defendant because the plaintiff's certificates of location provided inadequate descriptions of the locations. The court refused to allow an amendment of the complaint to allege actual knowledge. The supreme court reversed and ordered the lower court to consider the issue of actual notice.

We believe that an actual notice exception to the adequate description requirement is mandated by the rationale quoted above. We also attach significance to the fact that, to our knowledge, all other jurisdictions which have faced this issue have created an actual notice exception. Therefore, we hold that if a locator complies with the requirements under AS 27.10 except that the description of location is insufficient under AS 27.10.050 and if a subsequent locator nevertheless has actual knowledge of the locus of the claim, an attempted location of a mining claim is not void under AS 27.10.010. We caution, however, that this exception does not apply when no certificate at all has been recorded within ninety days, for such failure renders the ground in question open to a subsequent locator, regardless of his knowledge.[7] Further, we caution that this exception to AS 27.10.050 will not be applicable unless a good faith attempt, albeit an insufficient one, is made to comply with this statute. If a person attempts to locate a claim without making a good faith effort to comply with the provisions of AS 27.10.050, the claim will be void under AS 27.10.010, regardless of whether another party had actual notice of the claim.

In this case, the superior court erroneously refused to admit and consider the plaintiffs' proffered evidence that the Sims had actual knowledge of the locus of their claims.[8] Accordingly, we reverse the judgment and remand the case for proceedings consistent with this opinion.

REVERSED and REMANDED.

CONNOR, J., not participating.

---

**6.** *See Bagg v. New Jersey Loan Co.,* 88 Ariz. 182, 354 P.2d 40, 45 (Ariz.1960); *Thompson v. Underwood,* 138 Ark. 323, 211 S.W. 164, 165 (Ark.1919), *Claybaugh v. Gancarz,* 398 P.2d 695, 704 (Nev.1965); 1 Rocky Mtn.Min.L. Found., American Law of Mining, § 5.78 at 889–90 (1982).

**7.** AS 27.10.060 provides:

Failure to file the certificate of location for record within the required 90 days constitutes an abandonment of the claim and the ground is open to location. However, recor-

dation after the 90 day period but before the ground is located by another, renews the location and saves the rights of the original locator.

**8.** Both the legal and equitable claims, however, can be disposed of on summary judgment under Civil Rule 56 if the Sims can show that there is no genuine issue of material fact that the certificate of location is invalid and that the Sims had no actual knowledge of the locus of plaintiffs' claims.